IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bank of America, N.A., | ) | |
| | ) | C/A No. 3:17-1447-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Elois C. Baxter; The Summit Community Association, Inc.; The United States of America, *acting by and through its agency The Secretary of Housing and Urban Development*, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Elois C. Baxter ("Defendant"), proceeding *pro se*, filed a notice of removal that purports to remove a foreclosure action originally filed as Case No. 2016-CP-400-1620 in the Court of Common Pleas in Richland County, South Carolina. ECF Nos. 1 at 1; 1-1.

I. FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2016, Bank of America ("Plaintiff") filed a Lis Pendens, Summons, and Complaint for Foreclosure against Defendant Elois C. Baxter. *See* ECF No. 1-1. Plaintiff served Defendant on March 17, 2016. *See id.* This foreclosure action is for property located at 204 Glen Knoll Drive, Columbia, South Carolina 29229. *See id*. On February 10, 2017, The Honorable Joseph M. Strickland, Master in Equity for Richland County, granted summary judgment in favor of Plaintiff and ordered that Defendant was liable for the mortgage debt and failure to pay would result in sale at public auction. ECF No. 1-5 at 22-30. On March 20, 2017, Master in Equity Strickland entered an order pursuant to South Carolina Rules of Civil Procedure Rule 71, confirming sale of the property and conveyance of the deed. ECF No. 1-5 at 13. On June 2, 2017, Defendant filed the instant notice of removal to remove the case "pursuant to 5 U.S. Code § 702

- Right of review for violation of Treaties involving false claims and counterfeit securities against an American." ECF No. 1 at 1.[1] Plaintiff moved to remand on June 23, 2017.

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation. The Magistrate Judge issued a Report and Recommendation on June 23, 2017, the same day as Plaintiff filed its motion to remand. ECF Nos. 7, 9. The Magistrate Judge found that Defendant did not identify a viable basis for jurisdiction because there was neither federal question jurisdiction nor diversity of citizenship jurisdiction. *Id*. Accordingly, the Magistrate Judge recommended that the case be remanded to the state court. *Id.* Defendant filed an objection to the Report and Recommendation on July 12, 2017. ECF No. 12. In her objection, Defendant alleges:

> I am an American National state citizen, which I can only be restricted by the United States Constitution (the organic republic constitution which is a trust document) pursuant to Executive Order 13132, 4 August 1999. The State of South Carolina statutes, codes, and procedures does not comply with the United States Constitution. This would mean that the Richland County Court of Common Pleas is unable to establish subject matter jurisdiction including but not limited to personal jurisdiction. The petition for right to review under Title 5 USC subsection 702 is the most appropriate way to address this issue. The main question under the right to review is can a corporation or entity bring charges/suit(s) against an American National State Citizen?

*Id.* at 1 (errors in original). Plaintiff did not file a response.[2]

---

[1] Defendant previously attempted to remove the case pursuant to Federal Rules of Civil Procedure Rule 12(b); however, the court remanded to state court for lack of subject matter jurisdiction. *Bank of America v. Baxter*, No. 3:16-1231-MBS, ECF No. 16 (D.S.C. Aug. 3, 2016).

[2] Defendant moved to strike Plaintiff's attorney. ECF No. 11. Plaintiff's attorney is duly authorized to practice law in the State of South Carolina, *see* ECF No. 14; therefore, Defendant's motion is without merit and is denied.

## II. DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The Magistrate Judge found there was no federal question jurisdiction as "the essential allegations contained in the complaint do not allege that the case is one 'arising under the Constitution, laws, or treaties of the United States.'" ECF No. 9 at 3. As stated by the Magistrate Judge, to the extent that Defendant may have a defense based on federal law, it is insufficient to establish federal question jurisdiction. ECF No. 9 at 3 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985)). Lastly, under 28 U.S.C. § 1441, a "civil action otherwise removable . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The arguments set forth by Defendant are akin to "sovereign citizen" arguments, which have been "repeatedly rejected and has been viewed by [the Fourth Circuit] as a 'self-defeating legal strategy.'" *Nguyen v. Ryan*, No. 13-3512, 2013 WL 6405000, at *1 n.1 (D. Md.

Dec. 5, 2013) (citing *United States v. Jenkins*, 311 F. App'x 655, 656 (4th Cir. 2009)). As found by the Magistrate Judge, Defendant is a citizen of South Carolina; therefore, she cannot remove the case. *Id.* (citing ECF No. 1).[3]

Defendant argues that 5 U.S.C. § 702 provides the court with authority to review the actions of the state court. Section 702 permits a party "suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . ." to name the United States as a defendant in any action. The Court of Common Pleas for Richland County, South Carolina, is not an agency of the United States but rather was established by Article V of the South Carolina Constitution. *See* S.C. Const. art. V, § 1. Accordingly, § 702 is inapplicable.[4]

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is remanded to the Court of Common Pleas of Richland County, South Carolina for lack of subject matter jurisdiction. Plaintiff's motion to remand is **denied as moot.**

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
August 14, 2017

---

[3] The court notes that Defendant's removal falls outside of time period allowed for removal under 28 U.S.C. § 1446. Construing in the light most favorable to Defendant, but without addressing the merit of Defendant's substantive claims, the case became removable after the last action by the state court on March 20, 2017. Plaintiff failed to remove within the requisite time frame.

[4] Defendant makes a conclusory statement that Plaintiff is a foreign corporation under 28 U.S.C. §§ 611, 612. As she provides no support for her statement, the court declines to address her argument.